**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**BRYAN DELIA,**

        **Plaintiff,**

    **v.**

**U.S. BANK NATIONAL ASSOCIATION,
d/b/a U.S. BANK,**

        **Defendant.**

```
FILED: APRIL 18, 2008
08CV2231           EDA
JUDGE KENNELLY
MAGISTRATE JUDGE VALDEZ
```

**No.**

**Jury Trial Requested**

## COMPLAINT

NOW COMES Plaintiff, BRYAN DELIA, by and through his counsel, LISA KANE &

ASSOCIATES, P.C., complaining of Defendant, U.S. BANK NATIONAL ASSOCIATION, d/b/a

U.S. BANK, states as follows:

### PRELIMINARY STATEMENT

1.    This action seeks redress for the violation of rights guaranteed to Plaintiff by Title

VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.  Plaintiff seeks

mandatory injunctive relief and damages to redress discriminatory employment practices engaged

in by Defendant.

### JURISDICTIONAL STATEMENT

2.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 to secure protection

of and to redress deprivation of rights secured by 42 U.S.C. §§ 2000e et seq.  Plaintiff seeks

declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

### VENUE

3.    Venue is proper under 28 U.S.C. § 1391(b)(1) and (2).

## PARTIES

4.     Plaintiff, BRYAN DELIA, is a male United States citizen who resides in Illinois.

5.     Defendant, U.S. BANK NATIONAL ASSOCIATION, d/b/a U.S. BANK, is a national banking association that at all times did and continues to do business in Illinois.  Defendant is subject to the jurisdiction of the Court as an employer within the meaning of 42 U.S.C. § 2000e(b), as Defendant has continuously and does now employ more than fifteen (15) employees and is engaged in an industry that affects commerce.

## PROCEDURE

6.     Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on March 11, 2008, at which time Plaintiff requested a Notice of Right to Sue.  The EEOC issued Plaintiff a Notice of Right to Sue on March 18, 2008, which Plaintiff received on March 19, 2008.  The Notice of Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of receipt of said Notice. Plaintiff initiated this action within said ninety (90) day period.

## COUNT I – TITLE VII - GENDER DISCRIMINATION

7.     Paragraphs one (1) through six (6) are incorporated by reference as if fully set out herein.

8.     Plaintiff began working for Defendant in June 2007 as the Branch Manager for the Elk Grove Village, IL, location.

9.     Throughout his career with Defendant, Plaintiff has performed to and in excess of Defendant's reasonable satisfaction at any times material hereto, as evidenced by, without limitation, Plaintiff's demonstrated improvement in his branch's operating performance, including substantial

2

increases in bank revenues, production, and referrals, as well as complementary letters from business clients of Defendant.

10.    In contrast to his similarly situated female co-workers, Plaintiff has been held to a higher standard of conduct regarding Defendant's policy guidelines.

11.    In February 2008, Plaintiff solicited Donna Helma, his mother, and Marc Helma, his step-brother, to open simple checking accounts at the Elk Grove Village branch.

12.    To assist in the process, Plaintiff collected and entered data required for the opening of the account, such as name and address information.

13.    Complying with bank guidelines, Plaintiff had another bank employee execute the transactions to open the accounts.

14.    Approximately one month later, in a meeting with Tony Gambino, District Manager, and Donna Shriver, Human Resources, on February 29, 2008, Defendant informed Plaintiff that his conduct in assisting in the opening of bank accounts for family members was a terminable offense.

15.    In response, Plaintiff informed Human Resources Shriver that he was aware of a female employee, Dina Heller, who had completed a teller transaction for her daughter, and, although the incident had been escalated to top management and human resources in the district, Heller was only given a written warning, which had little impact on her career as she was promoted shortly thereafter.

16.    Based on the differences in treatment between himself and Dina Heller, Plaintiff informed Human Resources Shriver and District Manager Gambino that there was a "double standard" between himself and female employees.

17.    Despite investigating the incident to verify Plaintiff's allegations, Defendant

proceeded to terminate Plaintiff's employment for the purported reason of a code of conduct violation.

18.　　Any reasons proffered by Defendant for terminating Plaintiff's employment are pretext for discriminating against Plaintiff on the basis of his gender, male.

19.　　At the same time Plaintiff was being terminated for a purported violation of Defendant's code of conduct, Rachelle Quiambao, female Assistant Manager, was also being investigated for the same code of conduct violation that resulted in Plaintiff's termination.

20.　　In February 2008, it was discovered that Assistant Manager Quiambao had opened an account for her long-term boyfriend, Ray Robinson, after bank hours, as evidenced by the printed signature cards.

21.　　In contrast to Plaintiff, who was terminated for assisting in the opening of an account for his mother and step-brother, Defendant did not terminate the employment of Assistant Manager Quiambao.

22.　　Rather, Defendant offered to promote Assistant Manager Quiambao to Plaintiff's vacated position of Branch Manager for the Elk Grove Village location.

23.　　The aforementioned acts and omissions of Defendant constitute unlawful and willful discrimination against Plaintiff based on his gender, male, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

24.　　As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages, including but not limited to, lost and foregone wages and benefits.

**PRAYER FOR RELIEF**

4

WHEREFORE, Plaintiff, BRYAN DELIA, prays for judgment against Defendant and respectfully requests that this Court:

A.    Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B.    Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of gender;

C.    Order Defendant to make whole BRYAN DELIA by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D.    Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

E.    Order Defendant to pay lost, foregone, and future wages to BRYAN DELIA;

F.    Grant Plaintiff his attorney's fees, costs, disbursements; and

G.    Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

25.    Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this Complaint.

5

Respectfully submitted,
BRYAN DELIA, Plaintiff,


By: s/Lisa Kane
Lisa Kane, Attorney for Plaintiff


LISA KANE & ASSOCIATES, P.C.
Attorney for Plaintiff
120 South LaSalle Street, Suite 1420
Chicago, Illinois 60603
(312) 606-0383
Attorney Code No. 06203093

6

## Verification

I, BRYAN DELIA, declare under penalty of perjury that the foregoing is true and correct.

Executed on April 17, 2008.

BRYAN DELIA

EEOC Form 161-B (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Bryan Delia<br>1402 Ironwood<br>Mount Prospect, IL 60056 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2800<br>Chicago, IL 60661 |
|---|---|---|---|

CERTIFIED MAIL 7099 3400 0018 8815 6520

☐ On behalf of person(s) aggrieved whose identity is
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2008-03831 | Zelma Gonzalez,<br>Investigator Support Asst | (312) 886-4821 |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u>** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*John P. Rowe,*

**John P. Rowe,**
**District Director**

3/18/08
*(Date Mailed)*

Enclosures(s)

cc:    **US BANK**

MAR 1 9 2008