IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRYAN DELIA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 08 CV 2231 |
| ) | |
| U.S. BANK NATIONAL ASSOCIATION, ) | Judge Matthew F. Kennelly |
| d/b/a U.S. BANK, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

Defendant U.S. BANK NATIONAL ASSOCIATION d/b/a U.S. BANK ("Defendant"), by and through its undersigned attorneys, for its answer and affirmative defenses to the Complaint of Plaintiff Bryan Delia ("Plaintiff"), states as follows:

**PRELIMINARY STATEMENT**

1. This action seeks redress for the violation of rights guaranteed to Plaintiff by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. Plaintiff seeks mandatory injunctive relief and damages to redress discriminatory employment practices engaged in by Defendant.

**ANSWER:** Defendant admits that Plaintiff purports to bring claims pursuant to Title VII of the Civil Rights Act of 1964. Defendant further admits that Plaintiff is seeking the relief described in second sentence of Paragraph 1. Defendant denies that Plaintiff's claims have any merit

**JURISDICTIONAL STATEMENT**

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 to secure protection of and to redress deprivation of rights secured by 42 U.S.C. §§ 2000e et

seq. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

**ANSWER:** Whether jurisdiction of this Court has been properly invoked is a legal conclusion to which no response is required. To the extent that an answer is required, Defendant admits that jurisdiction is proper. Defendant denies that it committed any violation of rights secured by Title VII or any other law.

## VENUE

3. Venue is proper under 28 U.S.C. § 1391(b)(1) and (2).

**ANSWER:** Whether venue is proper is a legal conclusion to which no response is required. To the extent that an answer is required, Defendant admits that venue is proper.

## PARTIES

4. Plaintiff, BRYAN DELIA, is a male United States citizen who resides in Illinois.

**ANSWER:** Defendant admits that Plaintiff is a male citizen of the United States. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4, and therefore denies them.

5. Defendant, U.S. BANK NATIONAL ASSOCIATION, d/b/a U.S. BANK, is a national banking association that at all times did and continues to do business in Illinois. Defendant is subject to the jurisdiction of the Court as an employer within the meaning of 42 U.S.C. § 2000e(b), as Defendant has continuously and does now employ more than fifteen (15) employees and is engaged in an industry that affects commerce.

**ANSWER:** Whether Defendant is an employer for the purposes of 42 U.S.C. § 2000e(b) is a legal conclusion to which no response is required. To the extent that an answer is required, Defendant admits that it is a national banking association properly recognized and sanctioned by the laws of the State of Illinois. Defendant further admits that it has during all

relevant times and does now employ more than 15 employees, presently does business in Illinois, and is engaged in an industry that affects commerce.

## PROCEDURE

6. Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on March 11, 2008, at which time Plaintiff requested a Notice of Right to Sue. The EEOC issued Plaintiff a Notice of Right to Sue on March 18, 2008, which Plaintiff received on March 19, 2008. The Notice of Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of receipt of said Notice. Plaintiff initiated this action within said ninety (90) day period.

**ANSWER:** Defendant admits that Plaintiff filed a Charge of Discrimination against Defendant with the EEOC on March 11, 2008, and that the EEOC issued Plaintiff a Notice of Right to Sue on March 18, 2008. Defendant admits the last two sentences contained in Paragraph 6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 6, and therefore denies them.

## COUNT I - TITLE VII - GENDER DISCRIMINATION

7. Paragraphs one (1) through six (6) are incorporated by reference as if fully set out herein.

**ANSWER:** Defendant incorporates its answers to Paragraphs 1 through 6 as though fully set forth herein.

8. Plaintiff began working for Defendant in June 2007 as the Branch Manager for the Elk Grove Village, IL, location.

**ANSWER:** Defendant admits the allegations contained in Paragraph 8.

9. Throughout his career with Defendant, Plaintiff has performed to and in excess of Defendant's reasonable satisfaction at any times material hereto, as evidenced by, without limitation, Plaintiff's demonstrated

>improvement in his branch's operating performance, including substantial increases in bank revenues, production, and referrals, as well as complementary letters from business clients of Defendant.

**ANSWER:**     Defendant denies the allegations contained in Paragraph 9.

>10.   In contrast to his similarly situated female co-workers, Plaintiff has been held to a higher standard of conduct regarding Defendant's policy guidelines.

**ANSWER:**     Defendant denies the allegations contained in Paragraph 10.

>11.   In February 2008, Plaintiff solicited Donna Helma, his mother, and Marc Helma, his step-brother, to open simple checking accounts at the Elk Grove Village branch.

**ANSWER:**     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11.

>12.   To assist in the process, Plaintiff collected and entered data required for the opening of the account, such as name and address information.

**ANSWER:**     Defendant admits the allegations contained in Paragraph 12.

>13.   Complying with bank guidelines, Plaintiff had another bank employee execute the transactions to open the accounts.

**ANSWER:**     Defendant denies the allegations contained in Paragraph 13.

>14.   Approximately one month later, in a meeting with Tony Gambino, District Manager, and Donna Shriver, Human Resources, on February 29, 2008, Defendant informed Plaintiff that his conduct in assisting in the opening of bank accounts for family members was a terminable offense.

**ANSWER:**     Defendant admits that in late February 2008, in a meeting with Tony Gambino, District Manager, and Donna Shriver, Human Resources Generalist, Plaintiff admitted that he opened the bank accounts for family members, and that Defendant informed

Plaintiff that opening the accounts for family members violated Defendant's Code of Ethics and was a terminable offense. Defendant denies the remaining allegations contained in Paragraph 14.

> 15. In response, Plaintiff informed Human Resources Shriver that he was aware of a female employee, Dina Heller, who had completed a teller transaction for her daughter, and, although the incident had been escalated to top management and human resources in the district, Heller was only given a written warning, which had little impact on her career as she was promoted shortly thereafter.

**ANSWER:** Defendant admits that in his meeting with Gambino and Shriver, Plaintiff informed Gambino and Shriver that he was aware that Dina Heller, a teller, was an employee who had completed a teller transaction for her daughter and was disciplined but not terminated, and that she had received a promotion sometime after receiving the discipline. Defendant denies any and all remaining allegations contained in Paragraph 15.

> 16. Based on the differences in treatment between himself and Dina Heller, Plaintiff informed Human Resources Shriver and District Manager Gambino that there was a "double standard" between himself and female employees.

**ANSWER:** Defendant admits that Plaintiff stated to Shriver and Gambino that he believed that there was a "double standard" between himself and Dina Heller based on what he knew about Dina Heller, but denies each and every remaining allegation contained in Paragraph 16.

> 17. Despite investigating the incident to verify Plaintiff's allegations, Defendant proceeded to terminate Plaintiff's employment for the purported reason of a code of conduct violation.

**ANSWER:** Defendant admits that it conducted an investigation into Plaintiff's

-5-

allegations regarding Dina Heller. Defendant further admits that it legitimately concluded in good faith that Plaintiff, a branch manager, had violated Defendant's Code of Ethics, and that as a result the decision to terminate Plaintiff's employment was an appropriate, non-discriminatory action. Defendant denies each and every remaining allegation contained in Paragraph 17.

18. Any reasons proffered by Defendant for terminating Plaintiff's employment are pretext for discriminating against Plaintiff on the basis of his gender, male.

**ANSWER:** Defendant denies the allegations contained in Paragraph 18.

19. At the same time Plaintiff was being terminated for a purported violation of Defendant's code of conduct, Rachelle Quiambao, female Assistant Manager, was also being investigated for the same code of conduct violation that resulted in Plaintiff's termination.

**ANSWER:** Defendant denies the allegations contained in Paragraph 19.

20. In February 2008, it was discovered that Assistant Manager Quiambao had opened an account for her long-term boyfriend, Ray Robinson, after bank hours, as evidenced by the printed signature cards.

**ANSWER:** Defendant denies the allegations contained in Paragraph 20.

21. In contrast to Plaintiff, who was terminated for assisting in the opening of an account for his mother and step-brother, Defendant did not terminate the employment of Assistant Manager Quiambao.

**ANSWER:** Defendant admits that Quimbao's employment has not been terminated, but denies the remaining allegations contained in Paragraph 21.

22. Rather, Defendant offered to promote Assistant Manager Quiambao to Plaintiff's vacated position of Branch Manager for the Elk Grove Village location.

**ANSWER:** Defendant denies the allegations contained in Paragraph 22.

23. The aforementioned acts and omissions of Defendant constitute unlawful and willful discrimination against Plaintiff based on his gender, male, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

ANSWER: Defendant denies the allegations contained in Paragraph 23.

24. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages, including but not limited to, lost and foregone wages and benefits.

ANSWER: Defendant denies the allegations contained in Paragraph 24.

## JURY TRIAL DEMAND

25. Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this Complaint.

ANSWER: Defendant admits that Plaintiff has requested a jury trial, but denies that the fact and law raised by the allegations in this Complaint give rise to a triable issue of fact or law.

## AFFIRMATIVE DEFENSES

Defendant, by and through its attorneys, hereby asserts the following Affirmative Defenses to Plaintiff's Compliant:

### FIRST AFFIRMATIVE DEFENSE

Defendant undertook good faith efforts to comply with Title VII by, among other things, making good faith efforts to enforce an anti-discrimination policy, thus barring Plaintiff's claims for punitive damages.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state facts sufficient to constitute a cause of action for a willful violation of the law.

### THIRD AFFIRMATIVE DEFENSE

Defendant exercised reasonable care to prevent and to correct promptly any alleged discrimination in the workplace, and Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities provided by Defendant to avoid the alleged or other harm.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that they are outside the scope of his administrative charge.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim for damages, if any, is barred to the extent he has failed to mitigate his damages.

### FIFTH AFFIRMATIVE DEFENSE

Even if it were determined that Defendant impermissibly considered Plaintiff's membership in a protected class or any other unlawful factor in its decision to take an employment action with respect to Plaintiff (which Defendant denies), Defendant nevertheless would have taken the same action in the absence of the impermissible motive or motives, thus barring Plaintiff's claim for damages.

### SIXTH AFFIRMATIVE DEFENSE

Any damages incurred by the Plaintiff are a result of his own conduct, were not as a result of any of the actions alleged in the Plaintiff's Complaint, and are not attributable to Defendant.

WHEREFORE, Defendant U.S. BANK NATIONAL ASSOCATION d/b/a U.S. Bank respectfully requests that the Court enter a judgment in its favor and against Plaintiff as follows:

(a) dismissing Plaintiff's Complaint in its entirety with prejudice; and

(b) granting Defendant such other and further relief as the Court deems just and proper.

Dated: June 2, 2008

U.S. BANK NATIONAL ASSOCIATION
d/b/a U.S. BANK

By /s/ David E. Morrison
One of Its Attorneys

David E. Morrison
Priya M. Bhatia
GOLDBERG KOHN BELL BLACK
 ROSENBLOOM & MORITZ, LTD.
55 East Monroe Street
Suite 3300
Chicago, Illinois  60603
(312) 201-4000

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on June 2, 2008 he caused a true copy of **Defendant's Answer and Affirmative Defenses to Complaint** to be served by the court's electronic notification system to:

>Lisa Kane, Esq.
>Lisa Kane & Associates, P.C.
>120 South LaSalle Street
>Suite 1420
>Chicago, Illinois  60603
>lisakane@sbcglobal.net


/s/  David E. Morrison, Esq.